IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMEKA CHANDLER,<br><br>                    Plaintiff,<br><br>      vs.<br><br>STATE OF NEBRASKA, US<br>GOVERNMENT, and FMCSA,<br><br>               Defendants. | **8:25CV604**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Tameka Chandler's Complaint filed on October 7, 2025. Filing No. 1. Plaintiff has been granted leave to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska, the United States, and the FMCSA. Filing No. 1 at 2-3. Plaintiff seeks $25,000,000.00 for "malice, slander, malicious intent, mental anguish, isolation." Copied in its entirety from her complaint, Plaintiff alleges:

> My Civil Rights have been violated. Amendments have been broken. A breakdown of the legal system, Injustice. Cruel practices with no crimes committed.
>
> . . .

I have been treated as a criminal with no crimes committed. I have lost everything with reasons not known to me. I am a casualty of a war that I have no parts or knowledge of.

Filing No. 1 at 4.

## III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

Plaintiff's complaint does not describe the circumstances—the what, where, when, and how—of any incidents, inactions, or actions by the defendants that caused the harm described in her complaint. Without these factual allegations, Plaintiff has failed to state a claim for relief. But rather than dismissing the claim at this time, Plaintiff will be granted leave to file an amended complaint.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2). Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted leave to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until **November 19, 2025**, to file an amended complaint that sufficiently states her claims against the defendants. In her

amended complaint, Plaintiff must state facts supporting her claims, including what the defendants did to her, when they did it, how they did it, and how those actions or inactions harmed her. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claim pursuant to 28 U.S.C. §§ 1915(e) in the event she files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 19, 2025**: check for amended complaint.

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 20th day of October, 2025.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge

4